UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARRIME L. STRATTON,

                    Plaintiff,

              -against-

MATTHEW D. WITHEROW; TANJA
BEEMER; JUDGE HYUN CHIN KIM; JOHN
DOE, NEWBURGH POLICE DEPARTMENT;
JOHN DOE, ORANGE COUNTY COLLEAGE
911 CALLER; JOHN DOE MENTAL
HEALTH; CORRECTIONAL OFFICER
NARCISE; PROBATION OFFICER CLARK;
KENYON TRACHTE,

                    Defendants.

25-CV-10222 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated at Wallkill Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his rights. By order dated January 21, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983 against the following Defendants: (1) private attorney Matthew D. Witherow; (2) Orange County Assistant District Attorney Tanja Beemer; (3) Orange County Court Judge Hyun Chin Kim; (4) a John Doe from the Newburgh Police Department; (5) a John Doe described as "Orange County Colleage 911 caller" (ECF 1, at 4); (6) a "Mental Health" John Doe who appears to work for "Access Support For Living" (*id.* at 4); (7) Orange County Correction Officer Narcise; (8) Probation Officer Clark; and (9) appellate lawyer Kenyon Trachte. Plaintiff asserts that Defendants "failed to dismiss [his] case," and "accused, arrested, indicted, convicted, sentenced, [and] wrongfully convicted" him. (*Id.* at 5.) He also states that Officer Narcise "[a]ssaulted" him after a visit from his girlfriend. (*Id.*)

Plaintiff brings his claims using the court's prisoner complaint form, but he alleges no facts on the complaint form. The following facts are drawn a statement attached to the complaint

form.[2] On March 21, 2023, in Newburgh, New York, while Plaintiff was "having some drinks and walking" with his girlfriend, police officers "pull[ed] up" and arrested Plaintiff and questioned his girlfriend. (*Id.* at 9.) An officer stated that they received a 911 call reporting that Plaintiff's girlfriend was "being sexually assaulted." (*Id.*) The officer also claimed that they "get a lot of calls from 'girls' about" Plaintiff. (*Id.*) Plaintiff's girlfriend told the officers that Plaintiff was her boyfriend and that they have a "refrain from order of protection." (*Id.*) Plaintiff was taken to the police station and "charged with a felony complaint." (*Id.*) He was subsequently released on bail.

When Plaintiff reappeared in court, on an unspecified date, the judge remanded him back to the Orange County Jail "for several months." (*Id.* at 10.) Plaintiff's girlfriend sent "emails" to the court stating that she was "tricked" into testifying against Plaintiff by the Newburgh police and Defendant ADA Beemer, that she would like the charges dropped, and that she would not appear to testify against Plaintiff. (*Id.*)

At Plaintiff's next court appearance he agreed to plead guilty in return for being sentenced to time served. Sometime after pleading guilty, Plaintiff told his lawyer that he had "done nothing wrong" and wanted to withdraw his guilty plea, which his lawyer told him he could not do. (*Id.* at 11.)

"Months later," Plaintiff returned to court with his girlfriend because his girlfriend wanted "this matter cleared up." (*Id.*) Defendant Judge Kim removed Plaintiff's girlfriend from

---

[2] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original documents unless noted otherwise.

the courtroom, remanded Plaintiff to the Orange County Jail, and enhanced his sentence "for violating an order of protection in a court room."[3] (*Id.*)

At some point, possibly after Plaintiff was released on time-served, his probation officer, likely Defendant Clark, required that Plaintiff undergo a mental health evaluation. After several visits with mental health professionals, Plaintiff was diagnosed with schizophrenia and bi-polar disorder, and prescribed medication. Plaintiff maintains that the diagnosis "makes no sense" to him. (*Id.* at 13.)

Plaintiff does not specify the relief he seeks.

## DISCUSSION

### A.    Judicial immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation[.]" *Young v. Selsky*, 41 F.3d 47,

---

[3] An appellate brief filed in Plaintiff's criminal case, which Plaintiff attaches to the complaint, indicates that, sometime prior to June 21, 2022, Plaintiff was charged with criminal contempt in the first degree. On October 14, 2022, he accepted a plea agreement that allowed for his release pending sentencing and that "the current stay away order of protection would not be modified, but that the refrain-from order would be issued at the time of sentence." (ECF 1-1, at 10.) Plaintiff was rearrested on January 6, 2023, and on an unspecified date, he walked into court with his girlfriend despite the fact that the "order of protection was in full effect." (*Id.* at 14.) At sentencing on January 31, 2023, based on these and other violations of the plea agreement and court orders, the court sentenced Plaintiff to one year in jail and a "permanent limited order of protection." (*Id.* at 16-17.) By decision and order dated April 9, 2025, the New York State Supreme Court, Appellate Division, Second Department, affirmed Plaintiff's conviction. (*See id.* at 29-30.)

4

51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). However, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Kim acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judge Kim for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Kim because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").[4]

---

[4] Although Plaintiff does not explicitly state the relief he seeks, the Court understands him to be seeking money damages.

**B.      Prosecutorial immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope

of their official duties where the challenged activities are not investigative in nature but, rather,

are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*,

694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see*

*also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (explaining that absolute immunity is

analyzed under a "functional approach" that "looks to the nature of the function performed, not

the identity of the actor who performed it" (internal quotation marks and citations omitted)). In

addition, prosecutors are absolutely immune from suit for acts that may be administrative

obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*,

555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019)

(holding that ADAs' direction as to where criminal defendant would be arraigned was in

preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs

were therefore shielded by absolute immunity).

Here, Plaintiff's claims against ADA Beemer are based on actions within the scope of her

official duties and associated with the conduct of Plaintiff's criminal trial. Therefore, these

claims are dismissed because they seek monetary relief against a defendant who is immune from

such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C.

§ 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim

against prosecutor is frivolous if it arises from conduct that is "intimately associated with the

judicial phase of the criminal process").

**C.      Private parties**

A claim for relief under Section 1983 must allege facts showing that each defendant acted

under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.

Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender, *see Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Duboys ex rel. Duboys v. Bomba*, 199 F. Supp. 2d 166, 170 (S.D.N.Y. May 2, 2002) ("[T]he law in this Circuit consistently holds that a court appointment of a private individual is not sufficient to establish state action." (citing *Housand v. Heiman*, 594 F.2d 923 (2d Cir. 1979).

Defendants Witherow and Trachte are private attorneys, the John Doe "911 Caller" is a private citizen, and the John Doe mental health worker appears to be a private individual who is employed by Access Support for Living, a private organization. Because these defendants are private parties and Plaintiff does not allege any facts suggesting they work for any state or government body, he cannot state a claim against them under Section 1983. The Court therefore dismisses Plaintiff's Section 1983 claims against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## D.    Claims against Narcise and Clark

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

The complaint includes a single sentence pertaining to Officer Narcise, stating that Narcise "[a]ssaulted me after girlfriend visits me." (ECF 1, at 5.) The complaint provides no other factual detail about the circumstance surrounding this incident. Moreover, it is unclear how this incident is related to the other claims Plaintiff brings in this action. Because Plaintiff does not allege sufficient facts to state a claim against Narcise, the Court dismisses his claims against this defendant for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his claims against Narcise. Plaintiff previously brought an action in this court against Narcise, arising from what may be the same incident that Plaintiff refers to here. *See Stratton v. Narcise*, No. 7:23-CV-2152 (KMK) (S.D.N.Y. Feb. 20, 2024). By order dated February 20, 2024, Judge Kenneth Karas dismissed that action without prejudice for Plaintiff's failure to prosecute the action. *See* ECF 7:23-CV-2152, 26. If Plaintiff

8

seeks to reinstate the claims he previously brought against Narcise, he must do so by alleging facts showing how Narcise violated his federal constitutional rights.[5]

Plaintiff's sole allegations against Defendant Clark is that, as Plaintiff's probation officer, he required that Plaintiff undergo a mental health evaluation. Plaintiff alleges no facts plausibly suggesting a viable claim that Clark violated his federal constitutional rights. The Court therefore dismisses Plaintiff's Section 1983 claims against Clark for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his claims against Clark in an amended complaint.

### E.      Malicious prosecution

Plaintiff's allegations suggest that he is attempting to assert a claim of malicious prosecution under Section 1983. The tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the

---

[5] If Plaintiff seeks to reassert his claims against Narcise in this action, he should keep in mind Rules 18 and 20 of the Federal Rules of Civil Procedure, which govern joinder of claims and parties, respectively. Rule 18(a) permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (Karas, D.J.) (holding that "the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)" (internal quotation marks and citation omitted)). Rule 21 of the Federal Rules of Civil Procedure provides that "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21.

prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Here, Plaintiff does not allege that any prosecution initiated against him was terminated in his favor. Indeed, public records show that his conviction was affirmed by the Appellate Division. The Court therefore dismisses Plaintiff's Section 1983 malicious prosecution claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**F.     False arrest**

Plaintiff's allegations suggest he is attempting to assert a Section 1983 claim for false arrest. A claim for false arrest under Section 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of Section 1983 claims and courts should not "mechanically apply" the law of New York State).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012) (internal quotations and emphasis omitted).

An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted)). Where a plaintiff is arrested without a warrant, however, the defendant must prove probable cause as an affirmative defense. *See*

*Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010) ("When an arrest is not made pursuant to a judicial warrant, the defendant in a false arrest case bears the burden of proving probable cause as an affirmative defense."); *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003) ("The defendant has the burden of raising and proving the affirmative defense of probable cause."); *Boans v. Town of Cheektowaga*, 5 F. Supp. 3d 364, 384 (W.D.N.Y. 2014) (A plaintiff challenging a warrantless arrest need not "allege want of probable cause in a false imprisonment action, . . . and the burden is on the defendant to prove the opposite." (relying on *Broughton v. State*, 37 N.Y.2d 451, 458 (1975) ("As a matter of pleading[,] the defendant has the burden of proving legal justification as an affirmative defense."))).

Here, Plaintiff alleges that an unidentified police officer arrested him on March 21, 2023, based on a 911 call reporting that Plaintiff had sexually assaulted someone. Even if the Court assumes that Plaintiff intended the John Doe Newburgh Police Officer named as a defendant to represent the arresting officer, Plaintiff alleges no facts suggesting that he was arrested without a warrant or that the arrest was not otherwise privileged. The Court therefore dismisses Plaintiff's false arrest claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead any false arrest claims he seeks to assert in an amended complaint alleging facts that satisfy the standard set forth above.

## G.    State law claims

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed

11

the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim against Narcise and Clark and/or a false arrest claim, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), with 30 days' leave to replead.

12

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   April 20, 2026
         New York, New York

                                   _____
                                   Louis L. Stanton
                                   U.S.D.J.