USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARRIME L. STRATTON,

                Plaintiff,

-against-

MATTHEW D. WITHEROW; TANJA
BEEMER; JUDGE HYUN CHIN KIM; JOHN
DOE, NEWBURGH POLICE DEPARTMENT;
JOHN DOE, ORANGE COUNTY COLLEAGE
911 CALLER; JOHN DOE MENTAL HEALTH;
CORRECTIONAL OFFICER NARCISE;
PROBATION OFFICER CLARK; KENYON
TRACHTE,

                Defendants.

25-CV-10222 (NSR)

**VALENTIN ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff, who currently is incarcerated at Wallkill Correctional Facility, brings this action, *pro se*, alleging that he was arrested without probable cause. The Court construes the amended complaint as asserting claims of false arrest under 42 U.S.C. § 1983, and related claims under state law, against a John Doe Newburgh Police officer or officers.[1] By order dated January 21, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who

---

[1] By order dated April 20, 2026, Judge Louis L. Stanton dismissed the original complaint under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and granted Plaintiff leave to replead his Section 1983 claims against Defendants Narcise, Clark, and the John Doe Newburgh Police Officer. (ECF No. 6.) The Court received the amended complaint on May 29, 2026, and the case was subsequently reassigned to the undersigned. The amended complaint (ECF No. 7) is the operative pleading.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A.   Claims previously dismissed

In his April 20, 2026 order of dismissal, Judge Stanton dismissed Plaintiff's claims against (1) Judge Kim based on absolute judicial immunity (ECF 6, at 4-5); (2) Assistant District Attorney Beemer based on prosecutorial immunity (*id.* at 6); (3) Witherow, Trachte, the John Doe "911 Caller" and the John Doe mental health worker because these defendants are private parties who may not be held liable under Section 1983 (*id.* at 6-7); (4) Narcise and Clark because Plaintiff's claims against them did not satisfy Rule 8 of the Federal Rules of Civil Procedure (*id.* at 7-9); and (5) the John Doe Newburgh Police Officer for failure to state a claim on which relief may be granted (*id.* at 10-11). [3]

Because Plaintiff's amended complaint does not include a caption, it is unclear whether he is attempting to reassert claims against any of the defendants against ho have been previously dismissed.  In any event, Plaintiff's amended complaint pertains solely to his allegedly false arrest by the John Doe Newburgh Police officer or officers.  To the extent Plaintiff is seeking to reassert

---

[3] Judge Stanton also dismissed Plaintiff's Section 1983 claims for malicious prosecution because Plaintiff did not allege that he was prosecuted (*id.* at 9-10), and declined to exercise supplemental jurisdiction of Plaintiff's state law claims (*id.* at 11-12).

any claims against Defendants Witherow, Beemer, Kim, John Doe "911 caller," John Doe "mental health," Narcise, Clark, and Trachte, the Court dismisses those claims for the reasons stated in Judge Stanton's April 20, 2026 order (ECF 6). *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court directs the Clerk of Court to terminate these parties as defendants in this action.

**B.    *Valentin* order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Newburgh Police Department to identify the officer or officers who arrested Plaintiff in Newburgh on March 21, 2023. It is therefore ordered that the Corporation Counsel of the City of Newburgh, who is the attorney for and agent of the Newburgh Police Department, must ascertain the identity and badge number of each John Doe police officer whom Plaintiff seeks to sue here and the address where the defendant may be served. The Corporation Counsel must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant(s). The amended complaint will replace, not supplement, the original complaint. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Witherow, Beemer, Kim, John Doe "911 caller," John Doe "mental health," Narcise, Clark, and Trachte for the reasons stated in Judge

Staton's April 20, 2026 order (ECF 6). *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  The Court directs the Clerk of Court to terminate those parties as defendants in this action.

The Clerk of Court is directed to mail a copy of this order and the complaint to the Newburgh Corporation Counsel at: Newburgh City Hall, 83 Broadway, Second Floor, Newburgh, NY 12550.

The Clerk of Court is further directed to mail an information package, including this Order, to Plaintiff.

SO ORDERED:

Dated:    June 12, 2026
          White Plains, New York

NELSON S. ROMÁN
United States District Judge

4